WAGENER & CO. v. PAPE.

1. CONFESSION OF JUDGMENT—ASSIGNMENT.—A confession of judgment made by an insolvent debtor to creditors, who at the time of the confession had reasonable cause to know his condition, is in violation of our statute laws regulating assignments—following Mitchell *v.* Mitchell, 42 S. C., 475.

2. EVIDENCE.—There was sufficient testimony in this case to support the finding of insolvency.

3. RECEIVER.—In this case the Circuit Judge had the right, under section 265 of Code, to appoint a receiver.

Before TOWNSEND, J., Beaufort, June 1, 1895. Affirmed.

Action by F. W. Wagener & Co. against John H. Pape, S. Guckenheimer & Sons, F. W. Sheper, and George A. Reed, as sheriff of Beaufort County, to set aside two confessions of judgment by Pape to Guckenheimer & Sons and Sheper, because they operated as an assignment of the whole property of Pape, who was insolvent, and, therefore, in violation of our assignment laws; for an injunction to prevent the sheriff, who had levied on the goods, from selling them; and for a receiver to take charge of them. Judge Aldrich, on May 16, 1895, issued a rule requiring defendants to show cause, why a receiver should not be appointed, and the injunction continued. The return was made to Judge Townsend, who appointed a receiver, continued the injunction, and declared the confessions void. From this decree the defendants appeal upon the following exceptions:

I. Because there was no evidence before the Circuit Judge to warrant the opinion by him that the confessions of judgment were made in violation of the statute law of assignments.

II. Because, under the statute law of assignments, two conditions must have existed to render the confessions void: a. The debtor must have been insolvent at the time of making the confessions. b. He must have designed to give a preference over other creditors in respect to such insolvency, and there was no evidence to establish such conditions, or either of them, and it was error to find otherwise.

III. Because the overwhelming evidence before the Circuit Judge showed that the defendant, Pape, was not insolvent, and that the confessions of judgment were made solely as security for *bona fide* debts then due, and to enable the defendant, Pape, to continue business, and it was error in

the Circuit Judge, in the face of these facts, to make the said order.

IV. Because there was no ground shown in the evidence before the Circuit Judge upon which such order could properly be founded.

V. Because the Circuit Judge had no power to appoint a receiver of the defendant, Pape's, property upon the proceedings before him.

VI. Because the proceedings before the Circuit Judge contained no evidence warranting the appointment of a receiver.

*Messrs. W. J. Verdier* and *Thos. Talbird,* for appellants.

*Messrs. Elliott & Elliott,* contra.

March 18, 1896. The opinion of the court was delivered by

MR. JUSTICE POPE. On the 3d day of May, 1894, the defendant, John H. Pape, who resided in the town of Beaufort, in this State, and who conducted a general mercantile business in such town, had written and posted in the post office, at Beaufort, the following paper, addressed to each one of his creditors:

"Gents: Owing to my recent illness, whereby I am physically incapacited to continue my business, and thereby retrieve the loss sustained during the late cyclone (27th August, 1893), I have concluded to discontinue the same, and beg herewith to notify you to attend meeting of my creditors, on Tuesday next, May 8th, at 12 o'clock noon, to take such action as may be necessary to wind up my said business, for the benefit of all concerned. One or two parties in this town stand ready to buy the whole stock. Being myself unable to do business, I leave it to you to decide. John H. Pape, per Hoxie."

On May the 4th, 1894, S. S. Friedlein, who is the agent and salesman of the firm of S. Guckenheimer & Sons, of Savannah, Georgia, was in the storehouse of John H. Pape, and when he was informed of the circular letter prepared

and mailed to his creditors by the said John H. Pape, asked if such letters could be gotten out of the mail; he was informed that such could be done; and then the said John H. Pape had each and every of said letters taken out of the mails. The said S. S. Friedlein, when he was told of this, said, "That is good;" and further said, that if only one of such letters remained in the mails, "that would spoil it all." On that day, the defendant, F. W. Scheper, was in the store several times, and in consultation with S. S. Friedlein, and on that day the said John H. Pape made a confession of judgment to S. Guckenheimer & Sons for the sum of $978.79, and to F. W. Scheper for $271.76, part of the latter judgment being for rent due by John H. Pape to F. W. Scheper, and these judgments were on that day entered up in the office of the clerk of court for Beaufort County, in this State. On the 9th day of May, 1894, George A. Reed, as sheriff of Beaufort County, under execution issued to him in the aforesaid cases of confession of judgment, levied upon all the stock in trade, including show cases, store fixtures, glassware, scales and measures, and on the 14th May, 1894, advertised the same for sale for cash, on salesday in June, 1894. Thereupon F. W. Wagener & Co., who were also creditors of John H. Pape, commenced an action against John H. Pape, S. Guckenheimer & Sons, F. W. Scheper, and George A. Reed as sheriff, as defendants, in the Court of Common Pleas for Beaufort County, in this State; and in his complaint, after alleging the foregoing matters, and that John H. Pape owed them over $700, they charged that such confessions of judgment were made when all the parties thereto had reasonable cause to believe the said John H. Pape insolvent; that said confessions of judgment were given in fraud of the creditors of John H. Pape, and as a means of transferring his property to them (Guckenheimer & Sons and F. W. Scheper) in preference to the plaintiffs and the other creditors of John H. Pape; that such confessions of judgment were, in effect, an assignment of an insolvent debtor with preferences, and in violation of

the 79th chapter of the Revised Statutes of South Carolina; and that S. Guckenheimer & Sons and F. W. Scheper procured the giving such confessions of judgment for the said purpose. And also that John H. Pape had no other property than that levied upon to pay his debts, and if the said property cannot be reached by the plaintiff and other creditors of John H. Pape, their claims will remain wholly unpaid. In their prayer they sought judgment: 1. That said confessions of judgment be adjudged to be an assignment by an insolvent debtor giving preferences to Guckenheimer & Sons and F. W. Scheper over the other creditors of John H. Pape, and, therefore, fraudulent and void against the plaintiffs and such other creditors as shall come in and share the expenses of this suit. 2. That a receiver be appointed. 3. That defendants account for all property covered by their alleged liens and deliver the same to the receiver. 4. For an injunction against defendant, forbidding any further interference by them with said property. 5. That such receiver pay out of the proceeds of said property the claims of the plaintiff and such other creditors of said John H. Pape as shall come in and share the expenses of this action, &c. 6. And for such other and further relief, &c. This complaint was verified in the usual form by A. C. Ducker as agent of the plaintiffs.

Application was made to Judge Aldrich on the 16th May, 1894, for a restraining order to stop the sale by the sheriff, and also for a rule to issue to defendants requiring them to show cause, if any they could, before Judge Townsend at Beaufort, on 28th May, 1894, why receiver should not be appointed, and why the injunction should not be continued. This order was granted on that day by Judge Aldrich. On the 28th May, 1894, very vigorously phrased returns were made by the defendants to the rule, wherein it was stoutly maintained that no sufficient cause existed either for the injunction or the receiver. There was no denial of the main facts, but it was denied by each one that the confessions of judgment were intended otherwise than as sure-

ties for the debts respectively; that they were entitled to the fruits of their alertness in obtaining judgments; that John H. Pape had other property than that levied upon; that they especially denied that they regarded John H. Pape as insolvent on the 14th May, 1894, or that such confessions of judgment amounted to an assignment with preferences. Judge Townsend, however, in a written order appointed a receiver and continued the injunction, and gave as his reason therefor that "I have carefully considered all the papers in the case, and am of opinion that the confessions of judgment set forth in the papers were made in violation of the statute law of assignments." An appeal is taken from this order of Judge Townsend upon the grounds that will be set out in the report of the case.

We have carefully considered all these papers, and cannot but conclude that the Circuit Judge was right; it ought to be remembered that this is not a decree upon the merits, for the issues involved in the whole action yet remain for trial. All that came up before Judge Townsend was intended to satisfy him, that the preliminary case as made, would or would not satisfy his judicial discretion in affording the plaintiffs the temporary relief sought in advance of the trial upon its merits. We might say that Judge Townsend was, under the law, compelled to construe the paper known as the circular letter, prepared by John H. Pape on the 3d day of May, 1894, for himself, without the aid of any statements of the parties as to the intention of the writer of the letter beyond its own terms. Also, that one party to the contest swore that the property of John H. Pape levied on was all that he had in the world, while others swore that he had other property, but it was not pointed out in those affidavits in what it consisted; also, that the property placed by the court in the hands of a receiver had already been taken from the debtor and was at the time in the hands of the sheriff. We would express ourselves as anxious that no conclusion announced by us should be taken as decisive of the merits when they come up for trial.

As to the specific grounds of appeal we will say: First, that the first ground of appeal cannot be sustained. We regard the testimony by affidavits as abundantly sufficient to bottom the opinion that the confessions of judgment were in violation of our statute law regulating assignments in this State. *Mitchell* v. *Mitchell*, 42 S. C., 475.

As to the second ground of appeal, it is not tenable, because, as we view the effect of the sworn statements before the Circuit Judge, it was shown that Pape was insolvent when he made the confessions, that he must be held as intending to give a preference to the two judgment creditors by such confession over all his other creditors. The language of Freidlein was very significant on that morning when notice to all the creditors of Pape was withdrawn from the mail, and his speed in obtaining the confessions was great. "Actions speak louder than words," in many cases. Mr. Scheper was in and around that morning, and was apprised of every movement.

As to the third ground of appeal, we cannot say that the evidence before the Circuit Judge was overwhelming that the defendant, Pape, was not insolvent. If a man is able to pay his debts, it is very easy to prove it. An assertion on one side of insolvency, in connection with confessions of judgment for over $1,200, lodged in the clerk's office, over the goods and chattels of a tottering merchant of small means, outweighs vehement assertions on the other side to the contrary, without specifying any additional property.

The fourth ground of appeal is disposed of in our previous holdings. The fifth ground of appeal cannot be sustained. Section 265 of our Code fully warrants the appointment of the receiver.

As to the sixth ground of appeal, relating to the alleged want of evidence justifying the appointment of a receiver, we cannot sustain this ground, for there was such evidence.

It is the judgment of this court, that the order appealed from be affirmed, and the action be remanded to the Cir-

cuit Court for such other further proceedings as may be necessary.